Argued and submitted May 10, ballot title certified June 11, 1999

Gail R. O'CONNELL-BABCOCK,
Roger Troen, and Linda Rowe,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S46232)

Roger COLLIS,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent,*

*and*

Gail R. O'CONNELL-BABCOCK,
Roger Troen, and Linda Rowe,
*Intervenors.*

(SC S46233)
(Consolidated for Argument and Opinion)

987 P2d 462

Robert E. Babcock, Lake Oswego, filed the petition and argued the cause for petitioners Gail R. O'Connell-Babcock, Roger Troen, and Linda Rowe in S46232, and also argued the cause and filed the response for Gail R. O'Connell-Babcock, Roger Troen, and Linda Rowe as intervenors in S46233.

James M. Brown, of Enfield Brown Collins & Knivila, Salem, filed the petition and argued the cause for petitioner Roger Collis.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering

memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General, Salem.

PER CURIAM

**PER CURIAM**

This is a consolidated proceeding to review a ballot title. Petitioners are electors who timely submitted written comments on the Attorney General's draft ballot title. Accordingly, they may petition this court seeking a different ballot title. ORS 250.085(2).

Petitioner Collis asserts that the caption, result statements, and summary in the certified ballot title are unsatisfactory. Petitioners O'Connell-Babcock, Troen, and Rowe challenge the result statements and summary. We have considered each of petitioners' arguments and conclude that none of those arguments establishes that the Attorney General's certified ballot title fails to comply substantially with the standards for a ballot title set out in ORS 250.035(2)(a) to (d). A detailed discussion of our reasons for that conclusion would not serve the interest of the bar or the public. Accordingly, we certify to the Secretary of State the following ballot title:

AMENDS LAWS REGULATING LICENSING,
CONTROL, IMPOUNDMENT AND KILLING OF DOGS

RESULT OF "YES" VOTE: "Yes" vote repeals current laws regulating dogs; restricts circumstances when dogs may be impounded/killed.

RESULT OF "NO" VOTE: "No" vote retains current laws regulating dogs and establishing when dogs may be impounded/killed.

SUMMARY: Measure repeals current state laws regulating dogs; establishes minimum standards for ordinances, regulations governing when dogs may be impounded for more than ten days or killed. Requires determination that owner/keeper will not properly care for dog or will again allow dog to become a public nuisance before such impoundment or killing of dog permitted. Establishes notification, mediation and appeal procedures for enforcement actions. Allocates portion of penalties paid by dog owners/keepers to programs to reduce animal abandonment/increase animal adoption rates. Other changes.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(10).